UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

ANN COFFEY,

        Plaintiff,

v.

CITY OF FREEPORT, et al.,

        Defendants.
_____/

Case No. 2:22-cv-18

Hon. Robert J. Jonker
U.S. District Judge

## REPORT AND RECOMMENDATION

### I.   Introduction

Plaintiff Ann Coffey filed suit on behalf of her minor child in accordance with 42 U.S.C. § 1983 on January 28, 2022. (ECF No. 1.) The Court granted Coffey *in forma pauperis* status on February 1, 2022, allowing Coffey to proceed without the prepayment of filing fees. (ECF No. 5.) As a result, the Court must undertake an initial review of the complaint to determine whether this matter should proceed. Due to the exceptionally incomprehensible nature of Coffey's complaint, the undersigned opines at the outset that the case should not proceed.

Coffey sues an astounding forty-seven Defendants[1] for violating "both

---

[1]     Coffey names the following individuals and entities as Defendants: (1) the City of Freeport (2) the City of Bay View, (3) Bay View Real Estate Management, Inc., (4) Unknown Party #1 (named as "Individual Board Members of Bay View, Michigan"), (5) the Emmet County Government, (6) Mike Spencer, (7) Jake Porath, (8) Tony Presly, (9) Rance Carpenter, (10) Eris Breisach, (11) the Plunkett Cooney Law Firm, (12) Robert A. Callahan, (13) Michael S. Bogren, (14) Aimee S. Murphy, (15) Donald Neidzweicki, (16) "Munson, Traverse City, Michigan," (17) Michael J. Daray, (18) Cari Greiner, (19) Jason Schumer, (20) Mark Alan Miller, (21) Amanda Deering, (22) Jason

Michigan State Constitutional and USA Federal Constitutional law." (ECF No. 1, PageID.10.) Coffey's factual allegations range from fraudulent activity carried out by a family member, to an allegedly connected "horrifying kidnapping event" in a restaurant in Grand Rapids, Michigan.[2] (*Id.*, PageID.10-23.) Many of her factual allegations mirror allegations made in cases previously dismissed by this Court for failure to state a claim upon which relief can be granted, *see Coffey v. City of Freeport, et al.*, W.D. Mich. Case No. 2:21-cv-258; *Coffey v. Bay View Municipality, et al.*, W.D. Mich. Case No. 2:22-cv-39, although she now purports to sue on behalf of her child.

As in those previous cases, the undersigned now respectfully recommends that the Court dismiss Coffey's complaint under 28 U.S.C. § 1915(e)(2)(B) as frivolous and for failure to state a claim upon which relief can be granted. Coffey fails to mention the majority of Defendants in her factual allegations. With regards to those she does mention, Coffey either fails to set forth specific conduct giving rise to her claims, fails

---

McCalib, (23) Tamella P. Livengood, (24) Katharine E. Venner, (25) Unknown Party #2 (named as "Terri (works at Munson)"), (26) Kimberly Schaub, (27) Emma Smith, (28) "Munson Security," (29) Rhonda Buchanan, (30) Kelly Rose, (31) Lisa Leavenworth, (32) Phlavia Ross, (33) Aniruddh Behere, (34) Erica Gudelsky, (35) Thomas Sapp, (36) Unknown Owen, (37) Unknown Party #3 (named as "a second spectrum health (> 6 feet tall) 'police authorized' police officer who had a British accent"), (38) Deborah L. McNabb, (39) Spectrum Police, (40) Spectrum Health, (41) Dr. Coleman, (42) Ann Morgan, (43) Unknown Party #4 (named as "Blonde haired elderly laughing lady wearing a white clinic jacket"), (44) Sally York, (45) Virginia Ewing, (46) Suzanne Alsop Mugler, and (47) R. C. Mugler Company.

    Notably, Coffey did not name Val Myerson or Polly Wilkinson in her list of Defendants, despite including the individuals in her factual allegations.

[2]    It is unclear why Coffey filed this complaint in the Northern Division of the Western District of Michigan. Coffey alleges that the relevant conduct occurred in either Kent County or Emmet County in the Southern Division of the Western District of Michigan. Under 28 U.S.C. § 1404, for the convenience of the parties and in the interest of justice, the appropriate venue is in the Southern Division of the Western District of Michigan.

to set forth the federal statutory or constitutional rights they violated, or fails to demonstrate that they were acting under the color of state or federal law. To the extent that Coffey seeks to assert state law claims, the undersigned further recommends that the Court decline to exercise supplemental jurisdiction.

## II.     Factual Allegations

Though Coffey attempted to utilize the form complaint for a violation of civil rights, her complaint is extremely disorganized. Coffey's factual allegations are found throughout the complaint, including within her multiple statements of claim and requests for relief. Even within the individual sections, Coffey's allegations are not set forth in a coherent manner. The allegations are at best convoluted and at worst illusory. That being said, Coffey's allegations are summarized, to the best of the undersigned's ability, as follows.

Coffey begins by setting forth an "overarching framework" for her minor child's claims. (ECF No. 1, PageID.12.) Coffey says that everything began with the "racketeering conduct" of Defendant R. C. Mugler Corporation in New York City. That Corporation is run, at least in part, by Defendant Suzanne Alsop Mugler. (*Id.*) Coffey says that Mugler engaged in a slew of fraudulent activities in her pursuit of wealth. Those activities included Mugler's efforts to hide the existence of a 1964 trust from Mugler's nephew: the minor child's father. (*Id.*) Coffey says that although her minor child's father was named as a beneficiary to the 1964 trust, Coffey's family only learned of the trust in 2021.

Coffey alleges that the minor child's father is the only person capable of

3

exposing the full extent of the frauds committed by Mugler. (*Id.*, PageID.13.) Because Mugler is aware of this reality, Coffey says that Mugler has kept the minor child and the child's nuclear family "under surveillance by a bevy of private investigators and former FBI agents." In fact, Coffey says that Mugler has kept the family under surveillance in Bay View, Michigan for more than thirty years. (*Id.*)

Moving to the specific factual allegations underlying her present claims, Coffey says that in the summer of 2008, her minor child attended daycare at the Haseltine Tot Lot Clubhouse in Bay View under the supervision of non-party Polly Wilkinson. (*Id.*, PageID.13.) The child was just three at the time. Coffey says that she arrived at the daycare one day to pick up the child, only to find that he had been punched in the head and knocked unconscious. Coffey believed the perpetrator of the violence was one of the teenagers who worked for Wilkinson at the Tot Lot, and that Wilkinson had been improperly supervising the teenager. (*Id.*) Coffey says that Wilkinson refused to speak with Coffey, or involve law enforcement or child protective services, and instead attempted to cover-up the abuse. (*Id.*, PageID.14.)

In 2015, Coffey says that Defendant Michael Spencer took over as the Executive Director of Bay View. (*Id.*, PageID.17.) Spencer allegedly informed the minor child's father that Spencer would "find a creative way to take the [minor child's] home from him." Coffey says that she later observed Spencer stalking her children. (*Id.*) And Spencer "consistently and regularly trespassed on [the child's] property in Bay View for the specific purpose of harassing [the child and the child's] father."

In summer of 2017, Coffey says that the minor child was "stalked by 7 teenage

4

Bay View males throughout Bay View." (*Id.*) In 2018, Coffey says that the minor child was sexually assaulted in the bathroom of the Petoskey Public Library. The perpetrator was prosecuted by non-defendant attorney Lindeman, and later convicted, but Coffey says that Emmet County did not inform the minor child's parents of any of the court dates, contrary to victims' rights. (*Id.*)

In August of 2019, Coffey says that Defendant Spencer committed "libel and defamation" of the minor child when he authored and publicly disseminated an "executive director report" to the Bay View Membership, in which he made "false, misleading, and defamatory statements" about the child. (*Id.*, PageID.18.) In mid-August of 2019, Coffey says that Defendant Carol Neithercut — the President of Bay View — told the minor child's father that there was "a whole lot" that he didn't know. (*Id.*, PageID.19.)

In late-August of 2019, Coffey says that the minor child was at the Petoskey Public Library when he ran into the individual who assaulted him in 2018. (*Id.*, PageID.20.) When the minor child's father reported the individual's presence to non-party Val Myerson — the Director of the Library — she already knew. Myerson told the minor child's father that she had re-instated the individual's library privileges because "everyone deserves a second chance" and because trouble followed Coffey's family. (*Id.*) The minor child and his father later met with Lindeman, who informed the father that Myerson's decision to reinstate the library privileges of the individual who assaulted the child was "a violation of the basic tenets of 'victim's rights.'" (*Id.*, PageID.22.) Lindeman allegedly told the father that he should sue Myerson. (*Id.*)

5

In December of 2019, Coffey says that the minor child was assaulted by Munson Security while he was in the emergency room. (*Id.*, PageID.22.) In January of 2020, Coffey says that the minor child was assaulted by Spectrum Police causing head trauma. Coffey says that after the minor child's parents reported the assault to the Grand Rapids Police, Spectrum Police retaliated with a "kidnapping event." (*Id.*)

Specifically, Coffey says that the family was eating in a Grand Rapids restaurant when a Spectrum Police Officer (Unknown Party #3) "brutally twisted" Coffey's arm. (*Id.*, PageID.23.) Another Spectrum Police Officer by the name of Owen "brutally assaulted" the minor child, giving him a concussion. Coffey seems to imply that the minor child was then separated from Coffey at the direction of Defendants Lisa Leavenworth, Phlavia Ross, and Erica Gudelsky. (*Id.*, PageID.4, 23.) And Leavenworth relied on the directions of "a blond haired elderly lady who was wearing a white coat . . . . [and] laughing while she witnessed the horrifying kidnapping event" (Unknown Party #4). Coffey further alleges that Gudelsky "wrote lies into a HIPPA [sic] protected record further perpetuating a false narrative piled on top of the Munson false narrative." (*Id.*, PageID.23-24.) And Defendant "Thomas Sapp . . . failed to adequately manage and cause an OGC[3] which went undiagnosed [and] untreated." (*Id.*, PageID.24.) Further, Coffey alleges that Leavenworth told her

---

[3]    Coffey does not define "OGC" in her complaint. However, from what the undersigned can discern, Coffey is referring to an oculogyric crisis—"an acute dystonic reaction characterized by spasmodic deviations of the eyes . . . lasting for a few minutes to several hours." Naresh Nebhinani & Navratan Suthar, *Oculogyric Crisis with Atypical Antipsychotics: A Case Series*, 59 Indian J. Psychiatry 499, 499 (2017). OGCs are often associated with the use of antipsychotic pharmaceuticals. *Id.*

children that they would "not see their parents for several years" making them "cry uncontrollably." (*Id.*, PageID.5.)

In August of 2020, Defendant Spencer and Defendant Tony Presley allegedly trespassed onto the family's property and began screaming threats at the family. (*Id.*, PageID.19.) Coffey says that this interaction was traumatic for the minor child. (*Id.*)

Finally, Coffey alleges that, on an unspecified date, the Emmet County Deeds Office "violated state law by transferring and allowing transferring of title via bogus photo-copies faxed to Emmet County from the State of Washington, thus depriving Plaintiff and Plaintiff's family from their home." (*Id.*, PageID.10.)

Despite initially contending that all of these events are a consequence of Defendant Mugler's pursuit of wealth and vendetta against the family, Coffey does nothing to tie any of these factual allegations together in a coherent manner.

### III. Failure to State a Claim

Under 28 U.S.C. § 1915(e)(2)(B), the court must dismiss any action brought *in forma pauperis* if the action is (1) frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief.

A complaint may be dismissed for failure to state a claim if it fails "'to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Id.* The court

must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). Although the plausibility standard is not equivalent to a "'probability requirement, . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 678 (quoting *Twombly*, 550 U.S. at 556).

In addition, the Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible, *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).

### a. Fair Notice

As an initial matter, the undersigned notes that even liberally construed, Coffey's complaint sets forth allegations against only fifteen of the forty-seven Defendants. Those fifteen Defendants include: (1) the City of Bay View, (2) the Emmet County Government, (3) Mike Spencer, (4) Tony Presly, (5) "Munson Security," (6) Lisa Leavenworth, (7) Phlavia Ross, (8) Erica Gudelsky, (9) Thomas Sapp, (10) Unknown Owen (11) Unknown Party #3, (12) Spectrum Police, (13) Unknown Party #4, (14) Suzanne Alsop Mugler, and (15) the R. C. Mugler Company.

It is a basic pleading essential that a plaintiff attribute factual allegations to particular defendants. *See Twombly*, 550 U.S. at 545 (holding that, in order to state a claim, a plaintiff must make sufficient allegations to give a defendant fair notice of

8

the claim). The Sixth Circuit "has consistently held that damage claims against government officials arising from alleged violations of constitutional rights must allege, with particularity, facts that demonstrate what each defendant did to violate the asserted constitutional right." *Lanman v. Hinson*, 529 F.3d 673, 684 (6th Cir. 2008) (citing *Terrance v. Northville Reg'l Psych. Hosp.*, 286 F.3d 834, 842 (6th Cir. 2002)). Where a person is named as a defendant without an allegation of specific conduct, the complaint is subject to dismissal, even under the liberal construction afforded to pro se complaints. *See Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002) (dismissing the plaintiff's claims where the complaint did not allege with any degree of specificity which of the named defendants were personally involved in or responsible for each alleged violation of rights); *Griffin v. Montgomery*, No. 00-3402, 2000 WL 1800569, at *2 (6th Cir. Nov. 30, 2000) (requiring allegations of personal involvement against each defendant) (citing *Salehpour v. Univ. of Tenn.*, 159 F.3d 199, 206 (6th Cir. 1998)); *Rodriguez v. Jabe*, No. 90-1010, 1990 WL 82722, at *1 (6th Cir. June 19, 1990) ("Plaintiff's claims against those individuals are without a basis in law as the complaint is totally devoid of allegations as to them which would suggest their involvement in the events leading to his injuries.").

Because Coffey fails to make any mention of them in her factual allegations, the undersigned respectfully recommends that the Court dismiss any claims against the following thirty-two Defendants: (1) the City of Freeport, Illinois, (2) Bay View Real Estate Management, Inc., (3) Unknown Party #1, (4) Jake Porath, (5) Rance Carpenter, (6) Eris Breisach, (7) the Plunkett Cooney Law Firm, (8) Robert A.

9

Callahan, (9) Michael S. Bogren, (10) Aimee S. Murphy, (11) Donald Neidzweicki, (12) "Munson, Traverse City, Michigan," (13) Michael J. Daray, (14) Cari Greiner, (15) Jason Schumer, (16) Mark Alan Miller, (17) Amanda Deering, (18) Jason McCalib, (19) Tamella P. Livengood, (20) Katharine E. Venner, (21) Unknown Party #2, (22) Kimberly Schaub, (23) Emma Smith, (24) Rhonda Buchanan, (25) Kelly Rose, (26) Aniruddh Behere, (27) Deborah L. McNabb, (28) Spectrum Health, (29) Dr. Coleman, (30) Ann Morgan, (31) Sally York, and (32) Virginia Ewing.

The undersigned must now consider whether Coffey has set forth factual allegations against Defendants the City of Bay View, the Emmet County Government, Mike Spencer, Tony Presly, "Munson Security," Lisa Leavenworth, Phlavia Ross, Erica Gudelsky, Thomas Sapp, Unknown Owen, Unknown Party #3, Unknown Party #4, Suzanne Alsop Mugler, and the R. C. Mugler Company sufficient to state a claim against them.

### b. § 1983 and Bivens Claims

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, a plaintiff bringing suit under § 1983 must identify the specific constitutional or statutory right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

10

Under *Bivens*, there are certain circumstances in which an individual may sue federal officers for money damages arising out of the officers' violation of their rights. *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388, 91 S. Ct. 1999, 29 L. Ed. 2d 619 (1971).  To state a claim under *Bivens*, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of federal law.  *AirTrans, Inc. v. Mead*, 389 F.3d 594, 598 (6th Cir. 2004) (quoting *Watkins v. City of Southfield*, 221 F.3d 883, 887 (6th Cir.2000)).

Coffey says that state officials violated the Unites States Constitution and other federal laws via:

> 1) the kidnapping of plaintiff's parent's minor children under the color of law 2) violation of plaintiff's constitutionally guaranteed rights 3) violation of HIPPA [sic] & privacy rights 4) failure to competently diagnose, manage, & treat an emergency 5) personal injury [and] 6) causation of physical and emotional pain & suffering.

(ECF No. 1, PageID.3.)  She says that federal officials violated the United States Constitution and other federal laws including: "1) HIPPA [sic] 2) privacy rights [and] 3) unlawful arrest and detainment."  (*Id.*)

Coffey says that Defendants acted under the color of state or federal law when they:

> labored to rely on false narratives . . . labored to propagate [and] and perpetuate, in violation of HIPPA [sic] on many occasions, to place plaintiff and plaintiff's nuclear family in a false light with the hopes [and] intention that someone else will rely upon said 'false narrative' thus causing a 'snowballing effect' via RC Mugler Co. & Sue Alsop.

(*Id.*)

11

### i. Kidnapping

Coffey first alleges that Defendants kidnapped her minor children. (ECF No. 1, PageID.3, 23-24.) According to Coffey, Lisa Leavenworth, Phlavia Ross, Erica Gudelsky, and a "blond haired elderly lady" (Unknown Party #4) coordinated the kidnapping of her minor children. (*Id.*) These allegations fail to state a claim against Leavenworth, Ross, Gudelsky, or Unknown Party #4 for several reasons.

First, mere conclusory allegations are insufficient to state a claim. *Ashcroft*, 556 U.S. at 663 (citing *Twombly*, 550 U.S. at 555) ("[T]he tenet that a court must accept a complaint's allegations as true is inapplicable to threadbare recitals of a cause of action's elements, supported by mere conclusory statements.") Coffey alleges that these Defendants worked together to kidnap her son but gives no indication of the specific actions taken by each party. Second, Coffey does not show that Leavenworth, Ross, Gudelsky, or Unknown Party #4 were acting under the color of state or federal law. Third and finally, the Federal Kidnapping Act does not create a private right of action. *Harnden v. Croswell-Lexington Cmty. Sch.*, No. 15-CV-12738, 2016 WL 2731188, at *2 (E.D. Mich. May 11, 2016). And Coffey's complaint does not provide an alternative source of substantive rights.

In addition to claiming that Leavenworth kidnapped her children, Coffey asserts that Leavenworth told Coffey's children that they would not see their parents for several years in order to cause them pain and suffering. (ECF No. 1, PageID.24.) Once again, Coffey has not shown that that Leavenworth was acting under the color

of state or federal law, nor has she set forth a federal statutory or constitutional right that Leavenworth violated.[4]

### ii. Unlawful Arrest and Detention

Coffey goes on to allege that Gudelsky persuaded Unknown Owen to give her son a concussion. (ECF No. 1, PageID.23.) Coffey says that Owen was an Officer with the Spectrum Police. At the same time, Coffey alleges that an unnamed second Spectrum Police Officer (Unknown Party #3) brutally twisted her left arm. (*Id.*) But Coffey has not shown that Owen or Unknown Party #3 were acting under the color of state or federal law. Coffey did not establish that Spectrum Police is a state or federal police force or a private force "endowed by law with plenary police powers" such that Owen or the other, unnamed officer were "de facto police officers." *Romanski v. Detroit Ent., L.L.C.*, 428 F.3d 629, 637 (6th Cir. 2005).

To the extent that Coffey seeks to assert a claim against the Spectrum Police as an entity based on the conduct of its officers, the undersigned reiterates that she has not shown that Spectrum Police is a federal, state, or municipal entity. Even if Coffey had shown that Spectrum Police is a federal entity, she nonetheless failed to identify a waiver of sovereign immunity; a party bringing a claim against the United States is responsible for identifying such a waiver. *F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994) ("Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit." (first citing *Loeffler v. Frank*, 486 U.S. 549, 554 (1988); and then citing *Fed. Hous. Admin. v. Burr*, 309 U.S. 242, 244 (1940))); *see also Reetz*

---

[4] To the extent that Coffey intends to assert a state law claim of intentional infliction of emotional distress, that claim is addressed below.

*v. United States*, 224 F.3d 794, 795 (6th Cir. 2000). Even if Coffey had shown that Spectrum Police is a state entity, the Supreme Court has held "that neither a State nor its officials acting in their official capacities are 'persons' under [42 U.S.C.] § 1983." *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). And even if Coffey had shown that Spectrum Police is a municipal entity, Coffey has not alleged that a custom, policy, or practice attributable to the municipality violated her rights. *Monell v. N.Y. Dept. of Soc. Servs.*, 436 U.S. 658, 694 (1978).[5]

### iii. Health Insurance Portability and Accountability Act (HIPAA)

Coffey next claims that Defendant Gudelsky "wrote lies into a HIPPA [sic] protected record further perpetuating a false narrative piled on top of the Munson false narrative." (*Id.*, PageID.4, 9.) As an initial matter, the undersigned notes that this conclusory allegation against Munson is plainly insufficient to state a claim. Coffey provides no indication of how Munson constructed a false narrative nor what federal rights Munson violated in doing so. With regards to Gudelsky, Coffey again fails to allege specific conduct giving rise to a violation of federal rights or show that Gudelsky is a state or federal actor. And although Coffey asserts violations of HIPAA, HIPAA does not create a private right enforceable through § 1983. *Taylor v. Washington*, No. 2:20-CV-174, 2021 WL 959270, at *4 (W.D. Mich. Mar. 15, 2021).

---

[5]    This same reasoning applies to Coffey's allegations that Munson Security assaulted her minor child in December of 2019, and that Spectrum Police assaulted her minor child in January of 2020. (*See* ECF No. 1, PageID.22.)

14

### iv.  Failure to Manage and Treat an Emergency

The final violation of federal rights that Coffey explicitly identifies in her complaint is the "failure to competently diagnose, manage, [and] treat an emergency." (ECF No. 1, PageID.3.)  In her factual allegations, Coffey says that Defendant Sapp "failed to adequately manage and cause an OGC which went undiagnosed [and] untreated." (*Id.*, PageID.24.)  Here, Coffey once again sets forth conclusory allegations — not allegations of specific conduct.  She also fails to establish that Sapp was working under the color of state or federal law, or that he violated a federal constitutional or statutory right.

### v.  Additional Claims/Allegations

Coffey sets forth a slew of allegations that do not fit within the violations she specifically listed in her complaint.  This includes her allegations against the City of Bay View, the Emmet County Government, Mike Spencer, Tony Presly, "Munson Security," Suzanne Alsop Mugler, and the R. C. Mugler Company.  (ECF No. 1, PageID.12-22.)  The allegations include fraud, surveillance by private actors, negligent supervision of a daycare, stalking, trespassing, defamation, and violation of her minor child's rights as a victim of a crime.  (*Id.*)  But the majority of these allegations are conclusory.  And the complaint does not indicate what *federal* statutory or constitutional right each Defendant violated.  Nor does Coffey allege facts sufficient to show that Defendants were acting under the color of state or federal law.

Ultimately, it is the undersigned's opinion that even with respect to the Defendants Coffey mentions in her factual allegations, Coffey's complaint does not state a federal claim upon which relief can be granted.

## IV.    State-Law Claims

Though Coffey does not identify the specific state-law claims that she seeks to advance, it is clear from her jurisdictional statement that, at the very least, she believes Defendants violated provisions of the Michigan Constitution. (ECF No. 1, PageID.10.) To the extent that Coffey seeks to invoke this Court's supplemental jurisdiction over her state law claims, the undersigned respectfully recommends that the Court decline to do so. In determining whether to retain supplemental jurisdiction over state law claims, "[a] district court should consider the interests of judicial economy and the avoidance of multiplicity of litigation and balance those interests against needlessly deciding state law issues." *Landefeld v. Marion Gen. Hosp., Inc.*, 994 F.2d 1178, 1182 (6th Cir. 1993). Ordinarily, where a district court has exercised jurisdiction over a state-law claim solely by virtue of supplemental jurisdiction and the federal claims are dismissed prior to trial, the court will dismiss the remaining state-law claims. *Id.* Dismissal, however, remains "purely discretionary." *Carlsbad Tech., Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 639 (2009) (citing 28 U.S.C. § 1367(c)); *Orton v. Johnny's Lunch Franchise, LLC*, 668 F.3d 843, 850 (6th Cir. 2012). Here, the balance of the relevant considerations weighs against the continued exercise of supplemental jurisdiction.

## V.    Recommendation

The undersigned respectfully recommends that the Court dismiss Coffey's complaint under 28 U.S.C. § 1915(e)(2)(B) as frivolous and for failure to state a claim upon which relief may be granted. Coffey fails to mention the majority of Defendants in her factual allegations. With regards to those she does mention, Coffey either fails to set forth specific conduct giving rise to her claims, fails to set forth the federal statutory or constitutional rights they violated, or fails to demonstrate that they were acting under the color of state or federal law. To the extent that Coffey seeks to assert state law claims, the undersigned further recommends that the Court decline to exercise supplemental jurisdiction.

If the Court accepts this recommendation, the case will be dismissed.

Dated:   December 5, 2023                               /s/ *Maarten Vermaat*
                                                        MAARTEN VERMAAT
                                                        U. S. MAGISTRATE JUDGE

### NOTICE TO PARTIES

Any objections to this Report and Recommendation must be filed and served within fourteen days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b). All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b). Failure to file timely objections may constitute a waiver of any further right of appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *see Thomas v. Arn*, 474 U.S. 140 (1985).